### In re VANDERVOORT.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

SETTLEMENT AND ACCOUNTING BY EXECUTORS—LIABILITY FOR FEES OF REFEREE AND WITNESS.

G. and V., executors, were cited by legatees to show cause why the legacies should not be paid. The former filed a verified statement of his accounts, and the latter a petition for a judicial settlement of his account. The two proceedings were

consolidated and referred, and the hearings resulted in a report surcharging G. with a considerable sum. Subsequently, the reference was vacated and the entire proceedings as to G. dismissed. *Held* that, as it did not appear that G. was responsible for the improper order of reference, it was error to charge him personally with the fees of the referee and the witnesses.

Appeal from surrogate's court, Ontario county.

An appeal from that part of an order dismissing a proceeding herein which charged Peter Garlock, one of the executors, personally, with the disbursements of the proceeding. For proceedings to construe the will, see 5 N. Y. Supp. 737.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*E. K. Burnham,* for appellant. *Frank Rice,* for respondent.

DWIGHT, P. J. We are unable to find in the opinion of the learned surrogate, which accompanies this record, any very satisfactory reason for the disposition made by him of the question of costs. It appears from the narrative of the proceeding contained in the opinion that, in the year 1885, the two executors, Peter Garlock and Gilbert M. Vandervoort, were cited, on the petition of two of the legatees, to show cause why the legacies of the petitioners should not be paid. Garlock answered by filing a verified statement of his receipts and disbursements on account of the estate, and of the balance in his hands, and Vandervoort, by a petition for a judicial settlement of his account. On that petition, citations were issued to all persons interested in the estate, and an order was made for a consolidation of the two proceedings. The present surrogate points out that this order was improperly made by his predecessor under a mistaken view of the provisions of section 2728, Code Civil Proc., and that the original proceeding, on the petition of the legatees, should have been dismissed under the provisions of section 2718. He does not intimate that the executor Garlock was in any way chargeable with the error, which seems to have been chiefly to his prejudice. For had the original petition been dismissed, Garlock would have been relieved of all responsibility in the proceeding, which would have continued, as to the executor Vandervoort alone, for a judicial settlement of his account. As it was, under the order of consolidation, the surrogate then in office entertained objections to Garlock's account, filed by two of the legatees, one of whom was the executor Vandervoort, and objections were also filed to the account of Vandervoort by several of the persons interested. The issues thus joined in the two proceedings were sent to a referee for hearing. The opinion states, and counsel in their briefs seem to agree, that this was done by separate orders of reference, though but one order appears in the record before us; and if separate orders were made, it would seem to have been in disregard of the order of consolidation. The order of reference contained in the record, like the report of the referee, and the order of the present surrogate, from a portion of which this appeal is taken, is entitled as "In the Matter of the Judicial Settlement of the Accounts of Garlock, as One of the Executors," etc.; while, as the surrogate very properly holds, there was no proceeding for the judicial settlement of Garlock's account, since there had been no petition or citation for such a settlement. Garlock's account having been filed merely in answer to the petition of two legatees for an order to show cause why their legacies should not be paid. The hearings before the referee were spread over a period of two years, and resulted in a report which surcharged Garlock's account by a considerable sum, and entailed an expense for referee's fees alone of $250. This expense was, it seems, paid by the contestant, Gilbert M. Vandervoort, and it is for this disbursement, increased by a small sum paid by him for witnesses' fees, that the order appealed from directs that he be reimbursed by the executor Garlock, personally. The matter was brought before the present surrogate, by a motion in behalf of Gilbert M. Vandervoort, for a confirmation of the report of

the referee.   That motion was opposed by the executor Garlock, and a coun-ter-motion was made in his behalf, for a dismissal of the entire proceeding as to him.   The result was that the motion to confirm the report was denied, the order of reference was vacated, and the entire proceeding, as to the executor Garlock, was dismissed, and at the same time Garlock was charged, personally, with the disbursements of the proceeding, including those above mentioned of the contestant Vandervoort.   The surrogate declined to award costs, by way of counsel fees, to either party, remarking, in his opinion, that it would be unjust to charge such costs, "as well as the disbursements, upon the es-tate at large, considering the numbers of parties interested in the funds who took no part in and were uninvited to the contest;" and he adds: "Nor does it seem just to inflict Garlock, personally, with all expense, since much of it resulted from the order of reference, for which he does not seem to have been responsible."   It is difficult to see why this consideration was not also effect-ive to relieve Garlock, personally, from the payment of the fees of the referee, and of the contestant's witnesses.   But the surrogate says Garlock "submit-ted" to the reference "after permitting, without resistance, the filing of ob-jections to his account, which occasioned the contest."   But if Garlock was in fault for submitting to the filing of the unauthorized objections, what of Vandervoort, who filed them?   Shall the party who submits to an error of procedure, which is sanctioned by the court, pay costs to the party at whose instance the error is committed?   But we see no reason to hold either of the parties in this case responsible for any error of procedure.   They no doubt both proceeded in good faith, as they were advised.   Counsel for the respond-ent, Vandervoort, contends for the affirmance of the order in the respect ap-pealed from, on the ground of facts outside of the proceeding which they seem to regard as established by the report of the referee.   None of these facts are referred to in the opinion of the surrogate, and, clearly, none of them are es-tablished for any of the purposes of this appeal.   The report of the referee, as we have seen, is wholly set aside, and the entire proceeding in which it was made is dismissed.   We think the portion of the order appealed from must stand or fall upon the facts, stated by the surrogate in his opinion, which re-late to the character and incidents of the proceeding, the part taken by either party therein, and its result; and from those premises we must regard the conclusion reached a *non sequitur*.   We think the provision of the order ap-pealed from should be modified so as to make the disbursements of both par-ties, viz., the referee's fees, and the fees of witnesses, payable out of the es-tate, and, as so modified, affirmed, with costs of this appeal to the appellant, Garlock, payable out of the estate.   All concur.